FILED
JUN 2 5 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:25CR346 SRC/NCC |
| JAMES L. TOWNES, JR., | ) ) |
| Defendant. | ) ) |

### INDICTMENT

The Grand Jury charges:

### COUNT 1

(Mail Fraud)

**A. Introduction**

1. The State of Missouri permits the transfer of property from one owner to another through a quit claim deed. This enables the current owner to provide title without warranting that they have a clear and valid title to the property and the right to sell it.

2. When property is to be transferred through a quit claim deed, the current owner of the property and the future owner of the property must sign the quit claim deed, and their signatures must be authenticated by a licensed notary public.

3. On October 8, 2024, J.B.F. granted Citigroup Mortgage Loan Trust a deed to the residence located at 137 Riverwood Park Drive, Florissant, Missouri 63031 ("the Riverwood Park residence"), a home she and her deceased spouse, M.F., co-owned. As a result, on October 30, 2024, the Recorder of Deeds for St. Louis County recorded a deed recognizing the ownership of

the Riverwood Park residence as belonging to Citigroup Mortgage Loan Trust with J.F. as the past owner of the property.

**B.  The Scheme to Defraud**

4. Beginning on or about April 21, 2025, and continuing through on or about June 1, 2025, in the Eastern District of Missouri and elsewhere, the defendant,

**JAMES L. TOWNES, JR.,**

devised and willfully participated in a scheme and artifice to defraud the St. Louis County Recorder of Deeds and owners of a residence located in the Eastern District of Missouri by presenting a fraudulent quit claim deed seeking to fraudulently transfer the ownership of property to a company he owned and controlled.

5. It was part of the scheme and artifice to defraud that:

   a. On or about April 21, 2025, an unidentified individual forged the signatures of J.B.F. and M.F. on a fraudulent quit claim deed that transferred ownership of the Riverwood Park residence to Tied Tight Entertainment LLC, a company Defendant organized with the State of Missouri Secretary of State in 2005.

   b. Defendant notarized the forged signatures of J.B.F. and M.F. on the quit claim using a notary commission number issued to him, but that had been suspended by the State of Missouri Secretary of State on January 23, 2025.

   c. On or about April 21, 2025, an unidentified individual executed a Real Property Certificate of Value form that certified under penalty of perjury that "Tied Tight Entertainment LLC by R.W." purchased the Riverwood Park residence from M.F. and J.B. by assuming the mortgage of $333,085 and paying $66,815 in cash.

2

    d. On or about April 21, 2025, the St. Louis County Recorder of Deeds received through the United States Postal Service a package identifying the sender as being Tied Tight Entertainment LLC, 137 Riverwood Park Dr., Florissant, MO 63031.

    e. The package contained a postal service money order drawn in the amount $43 for recording fees by Tied Tight Entertainment LLC, the fraudulent quit claim deed purportedly transferring ownership of the Riverwood Park residence from J.B.F. and M.F. to Tied Tight Entertainment LLC, and the Real Property Certificate of Value form stating that Tied Tight Entertainment LLC paid $399,900 for the sale of the Riverwood Park residence.

**C.** **The Mailing**

10. On or about April 21, 2025, in the Eastern District of Missouri and elsewhere, the defendant,

**JAMES L. TOWNES, JR.,**

for the purpose of executing the above-described scheme, did knowingly cause to be delivered by mail and a private, interstate carrier a package containing a quit claim deed, a notary acknowledgment form, a Postal Service money order, and a Real Property Certificate of Value form, from Tied Tight Entertainment LLC to Recorder of Deeds, 41 South Central, Clayton, Missouri 63105.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 2

(Access Device Fraud)

11. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

12. On or about April 21, 2025, within the Eastern District of Missouri and elsewhere, the defendant,

**JAMES L. TOWNES, JR.,**

in a matter affecting interstate commerce, did knowingly and with intent to defraud use, and attempt to use, an unauthorized access device, that is: a suspended State of Missouri notary license number, in an attempt to obtain ownership and control over 137 Riverwood Park Drive, Florissant, Missouri, a residence having a listing price in excess of $1,000, that being $399,900.

In violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 2.

## COUNT 3

(Unlawful Production of an Authentication Feature)

13. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

14. On or about April 21, 2025, within the Eastern District of Missouri, the defendant,

**JAMES L. TOWNES, JR.,**

in a matter affecting interstate commerce, did knowingly and without lawful authority produce an authentication feature, to wit, a notary acknowledgment form purporting to authenticate the signatures of J.B.F. and M.F. on a quit claim deed.

In violation of Title 18, United States Code, Sections 1028(a)(1) and 2.

4

## COUNTS FOUR THROUGH SEVEN

(Identity Theft)

15. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

16. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**JAMES L. TOWNES, JR.,**

in a matter affecting interstate commerce, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another, that being the names listed below, with the intent to commit, and in connection to the felony crimes of forgery, in violation of Missouri Revised Statutes 570.090, and stealing, in violation of Missouri Revised Statutes 570.030:

| COUNT | DATE | IDENTITY | DOCUMENT |
|---|---|---|---|
| 4 | April 1, 2025 | M.F. | Lease Agreement |
| 5 | April 1, 2025 | M.F. | Construction Contract |
| 6 | April 21, 2025 | M.F. and J.B. | Notary Acknowledgment Form |
| 7 | April 21, 2025 | M.F. and J.B. | Quitclaim Deed |

In violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

## COUNTS 8 THROUGH 11

(Aggravated Identity Theft)

17. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

18. On or about the dates listed below, in the Eastern District of Missouri, the defendant,

**JAMES L. TOWNES, JR.,**

did knowingly possess, transfer, and use, without lawful authority, the means of identification of another person, to wit, the names of the individuals listed below, during and in relation to the commission of the felony offenses of: access device fraud, Title 18, United States Code, Section 1029(a)(2); mail fraud, Title 18, United States Code, Section 1341; and using an assumed name and address to commit a mail fraud scheme, Title 18, United States Code, Section 1342; knowing that the means of identification belonged to an actual person:

| COUNT | DATE | IDENTITY | DOCUMENT |
|---|---|---|---|
| 8 | April 1, 2025 | M.F. | Lease Agreement |
| 9 | April 1, 2025 | M.F. | Construction Contract |
| 10 | April 21, 2025 | M.F. and J.B. | Notary Acknowledgment Form |
| 11 | April 21, 2025 | M.F. and J.B. | Quitclaim Deed |

In violation of Title 18, United States Code, Section 1028A and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(7), upon conviction of an offense of Title 18, United States Code, Sections 1341, 1344, 1029, and 1028, as set forth in Counts 1 through 20, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the

6

commission of the offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                                                                     A TRUE BILL.

 

                                                                                                      FOREPERSON

MATTHEW T. DRAKE
Acting United States Attorney

 

TRACY L. BERRY, 014753 TN
Assistant United States Attorney